STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, v. DUNBAR STATE BANK: E. J. DEMPSTER, RECEIVER, APPELLANT: HENRY G. SEYFER ET AL., INTERVENERS, APPELLEES.

FILED APRIL 11, 1930. No. 26979.

C. M. Skiles, I. D. Beynon and Albert S. Johnston, for appellant.

Paul Jessen, Pitzer & Tyler and D. W. Livingston, contra.

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and LANDIS, District Judge.

ROSE, J.

This is a controversy between creditors of an insolvent state bank and the receiver over the allowance of claims.

In a proceeding by the state of Nebraska to wind up the affairs of the Dunbar State Bank, Henry G. Seyfer, Earl Seyfer, H. S. Westbrook and James Murray filed two claims each for $2,000, or $4,000 in all, and pleaded a preference requiring payment out of funds in the hands of the receiver, if sufficient, but, if insufficient, calling for payment of the remainder out of the bank guaranty fund. The receiver contested the claims. Upon a trial of the issues raised by the pleadings, the district court ordered the receiver to pay

interveners forthwith $784.70 out of bank assets or funds in his hands and allowed the remainder, or $3,295.30, as a claim against the bank guaranty fund. Afterward interveners applied to the district court for a peremptory order on the receiver requiring immediate payment of the $784.70 as allowed. From an order granting the application the receiver appealed.

In the supreme court interveners submitted a preliminary motion to dismiss the appeal. This was temporarily overruled. The case was subsequently argued and submitted on its merits.

Does the record disclose error? The judgment allowing the claims is based on two valid, unpaid certificates of deposit issued by the Dunbar State Bank for money received in the regular course of business while the bank was in actual operation as a commercial enterprise. Interveners are the claimants and the holders of the certificates of deposit. The deposits evidenced by the certificates were never withdrawn. The receiver retained in his hands funds equivalent to 22 per cent. of the claims, or $784.70, to pay an authorized dividend for that sum, in the event of their allowance, in common with other claims of the same rank. The pleadings and the proofs so show. The judgment allowing the claims and the peremptory order to pay the dividend are therefore free from error.

In view of the conclusion reached on the merits of the appeal, the preliminary ruling on the motion to dismiss is withdrawn.

AFFIRMED.